**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DOUGLAS BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 24 C 6865 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| MARTIN VOLKMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court grants Defendant Martin Volkman's motion to dismiss [50]. The Court dismisses Plaintiff Douglas Bennett's amended complaint with prejudice. Case terminated. See Statement for further details.

**STATEMENT**

*Pro se* Plaintiff Douglas Bennett sued Illinois State Police Trooper Martin Volkman, alleging that Volkman initiated a traffic stop of his vehicle without probable cause on April 23, 2024. He further alleged that Volkman's decision to initiate the stop was motivated, at least in part, by Bennett's race. The Court previously dismissed Bennett's claims for violations of the Fourth and Fourteenth Amendments and malicious prosecution without prejudice. Doc. 47. After Bennett filed his amended complaint, reasserting only the Fourth and Fourteenth Amendment claims, Volkman filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Kubiak v. City of Chicago*, 810 F.3d 476, 480–81 (7th Cir. 2016). To survive a Rule 12(b)(6) motion, the complaint must assert a facially plausible claim and provide fair notice to the defendant of the claim's basis. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Adams v. City of Indianapolis*, 742 F.3d 720, 728–29 (7th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.[1]

---

[1] The Court construes Bennett's complaint liberally because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))).

Starting with Bennett's Fourth Amendment unlawful stop claim, the Court agrees with Volkman that Bennett has failed to state a claim. As background, in the initial complaint, Bennett referenced Volkman's body-worn camera ("BWC") video in support of this claim. The Court therefore properly considered the BWC video on the motion to dismiss. Because the BWC depicted Bennett admitting that he had been driving over the speed limit when pulled over, establishing that Volkman had probable cause, the Court dismissed the claim. Doc. 47 at 4–5; *see also Gully v. Jaco*, No. 15 C 9206, 2019 WL 4034503, at *4 (N.D. Ill. Aug. 27, 2019) (granting motion to dismiss in part because plaintiff's "admission to speeding establish[ed] that [the officer] had probable cause"); *Caldwell v. Allison*, No. 2:16-CV-49, 2016 WL 2894252, at *4 (N.D. Ind. May 17, 2016) (finding that defendant officer did not violate the Fourth Amendment when initiating traffic stop because, "by [plaintiff's] own admissions in the Amended Pleading, Plaintiff was speeding as he drove"). In his amended complaint, Bennett attempts to save his claim primarily by omitting most of the factual allegations in the original complaint, along with all references to the BWC video.[2] This does nothing to remedy the very real deficiencies this Court previously identified in Bennett's unlawful stop claim.

While an amended pleading typically supersedes the prior pleading, the Seventh Circuit has made clear that "[a]n amended pleading does not operate as a judicial *tabula rasa*." *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1048 (7th Cir. 2019). A district court "is not required to ignore its prior decision, or its findings supporting a dismissal and grant of leave to amend" where "the findings are based upon undisputed public information plaintiffs themselves brought before the district court," provided that those findings are "not subject to reasonable dispute." *Id.* (citing *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997)); *see also Thomas v. Avant*, No. 18 C 06021, 2023 WL 12211379, at *2 (N.D. Ill. Jan. 17, 2023) ("Curiously absent from Thomas's SAC are the inconvenient facts and supporting exhibits that foreclosed Thomas's ECOA theory in his FAC . . . the Court can take judicial notice of the facts alleged in Thomas's FAC."). Such is the case here. Not only did Bennett himself previously bring the existence of the BWC video before the Court, Doc. 1 at 3, but it is also beyond reasonable dispute that BWC video depicts Bennett admitting to speeding. The Court can therefore permissibly take judicial notice of its previous findings regarding the BWC video, including that Bennett's admission establishes that Volkman had probable cause to initiate a traffic stop. Doc. 47 at 4–5. And the existence of probable cause necessitates dismissal of the unlawful stop claim.

---

[2] While Bennett also adds a new allegation that Volkman lacked "objectively reliable speed-measurement evidence at the time of seizure," Doc. 49 ¶ 11, he himself has admitted that "radar is not constitutionally required," Doc. 51 at 3; *see also United States v. Ludwig*, 641 F.3d 1243, 1247 (10th Cir. 2011) ("It's long been the case that an officer's visual estimation can supply probable cause to support a traffic stop for speeding in appropriate circumstances."); *U.S. v. Monzon-Gomez,* 244 F. App'x 954, 959 (11th Cir.2007) ("[T]he Fourth Amendment does not require the use of radar detection to establish probable cause to believe a motorist is speeding."); *United States v. Bradford*, No. 09-CR-71, 2009 WL 3754174, at *2 (E.D. Wis. Nov. 5, 2009) (finding probable cause for traffic stop where officer "clearly observed defendant traveling at a high rate of speed"). Thus, this new allegation does not allow the Court to reasonably infer that Volkman lacked probable cause to initiate the traffic stop.

Bennett nonetheless attempts to undermine the Court's prior findings by arguing that, because his "admission occurred after the stop began, it cannot supply probable cause retroactively." Doc. 51 at 3. But, as Volkman correctly points out in reply, this argument misses the point. The Court did not rule that Bennett's admission retroactively provided Volkman with the probable cause necessary for him to initiate the traffic stop. Rather, Bennett's admission established that he had been speeding, and it was this speeding that provided Volkman with probable cause to initiate the traffic stop. *See Caldwell*, 2016 WL 2894252, at *4 ("[B]y his own admissions in the Amended Pleading, Plaintiff was speeding as he drove at 3:53 a.m. on a street in Valparaiso. There is no question of fact that Plaintiff violated a traffic law. Therefore, Officer Allison did not violate the Fourth Amendment when he pulled over Plaintiff's car.").

Turning to the Fourteenth Amendment equal protection claim, Bennett has again failed to remedy any of the deficiencies identified in the Court's ruling on the earlier motion to dismiss. The Court previously dismissed this claim because Bennett's allegations that Volkman initiated a traffic stop "based upon racial discrimination and racial profiling" were entirely conclusory. Doc. 47 at 6. The amended complaint is more of the same. Rather than adding factual allegations to support this claim, Bennett has simply added more legal conclusions and boilerplate language. *See* Doc. 49 ¶ 14 ("Upon information and belief, Defendant has engaged in a pattern of disproportionately stopping motorists of Plaintiff's race under similar conditions, including [describe pattern, statistics, or similar incidents if available]."); *see also id.* ¶¶ 12–13, 15–16. These allegations fail to state a claim, for the same reasons discussed in the Court's previous ruling. Doc. 47 at 5–7; *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (explaining that, although courts generally must accept a plaintiff's factual allegations as true, "courts should not accept as adequate . . . conclusory legal statements").

Finally, Bennett argues in response to the motion to dismiss that he has sufficiently stated a malicious prosecution claim. The amended complaint does not include a malicious prosecution claim, nor does it allege facts that suggest or could plausibly support a malicious prosecution claim, and the Court therefore does not address these arguments.

Because the Court has previously dismissed Bennett's claims, and the amended complaint does not successfully overcome the deficiencies the Court previously identified, any additional opportunity to amend would be futile. *See Vargas–Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001) (granting leave is futile if the amended complaint would be unable to survive a Rule 12(b)(6) motion to dismiss). Therefore, the Court grants Volkman's motion to dismiss with prejudice.

Dated: July 21, 2026                                        /s/ Sara L. Ellis_____

3